## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHANDRA MACRI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. CIV-19-757-SM |
| ANDREW M. SAUL, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Chandra Marci (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). *See* Docs. 10, 14.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings arguing the ALJ failed to weigh the opinion of her treating psychologist. Doc. 15, at 3-9. After a careful review of the record (AR), the parties' briefs, and the relevant authority, the Court

reverses the Commissioner's decision and remands the case to the ALJ for further proceedings.  *See* 42 U.S.C. § 405(g). [1]

## I.    Administrative determination.

### A.    Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.    Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985).  If Plaintiff

---

[1]    Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination.  Citations to the AR will refer to its original pagination.

makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

**C.     Relevant findings.**

**1.     Administrative Law Judge's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 17-30; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1)     met the insured status requirements through December 31, 2022;

(2)     engaged in substantial gainful activity from June 3, 2005 through January 31, 2017, but had not engaged in substantial gainful activity for a continuous twelve-month period(s) thereafter;

(3)     has the following severe medically determinable impairments: osteoarthritis, degenerative joint disease, migraine headache, obesity, and post traumatic stress disorder;

(4)     has no impairment or combination of impairments that meet or medically equal the severity of a listed impairment;

(5) has the residual functional capacity[2] (RFC) to perform light work with various exertional and nonexertional restrictions;

(6) is unable to perform any past relevant work;

(7) there are jobs that exist in significant numbers in the national economy such as housekeeping cleaner, garment sorter, and small products assembler; and thus

(8) has not been under a disability from June 3, 2005 through March 12, 2019.

See AR 17-30.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted).  A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record."  *Wall*, 561 F.3d at 1052 (citation omitted).  The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

**B.   Analysis.**

Plaintiff argues "the ALJ failed to weigh the opinion of [her] treating psychologist, Margaret Zingman, Ph.D." Doc. 15, at 3 (capitalizations altered).  On January 24, 2018, Dr. Zingman completed a Review PTSD Disability Benefits Questionnaire.  AR 2273.  She concluded Plaintiff met the DSM-5 criteria for PTSD, noting Plaintiff had "occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgement, thinking and/or mood." *Id.* at 2274.  She described a variety of PTSD symptoms, including depressed mood, anxiety, suspiciousness, panic attacks more than once a week, chronic sleep impairment, short-term and long-term memory impairment, flattened affect, impaired judgment, disturbance of motivation and mood, difficult in establishing and maintaining effective work

5

and social relationships, difficulty in adapting to stressful circumstances, including a work like setting, inability to establish and maintain effective relationships, obsessional rituals that interfere with routine activities, and intermittent ability to perform activities of daily living. She concluded these symptoms "cause clinically significant distress or impairment in social, occupational, or other areas of functioning." *Id.* at 2277. In the "Remarks" section, she concludes "[f]or the VA established diagnosis of [PTSD], the diagnosis is changed and it is a progression of the previous diagnosis. Progressions means a continuation of symptoms with an increase in magnitude and/or occurrence." *Id.* at 2279.

The ALJ categorized Dr. Zingman's questionnaire as "Progress notes from Department of Veterans Affairs in 2018 document symptoms of [PTSD]." AR 19-20. The ALJ stated he considered the "entire record" and considered the opinion evidence under 20 C.F.R. section 404.1527. AR 25. While this Court takes the ALJ at his word, *see Wall,* 561 F.3d at 1070 (recognizing as a well-established principle that courts take ALJs "at [their] word" where, "[i]n its entirety, the ALJ's discussion of the evidence and his reasons for his conclusions demonstrate that he adequately considered Claimant's alleged

impairments") (internal quotation marks omitted)), closer review shows the ALJ failed to apply the appropriate legal standards to Dr. Zingman's opinion.

The Commissioner styles Dr. Zingman's assessment as a "questionnaire" with check boxes. Doc. 20, at 6-8. He argues it did not "speak" to Plaintiff's particular "work-related mental functional limitations that the ALJ could have incorporated in the RFC finding, or that the ALJ needed to expressly address in finding Plaintiff could perform a range of simple, unskilled work with limited social interaction." *Id.* at 7.

"'Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered.'" *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993) (*quoting Fowler v. Califano*, 596 F.2d 600, 603 (3d Cir. 1979)). The Court agrees with Plaintiff that the ALJ failed to properly assess Dr. Zingman's opinion evidence regarding the claimant's capabilities and mental limitations. "An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (internal citation omitted). And although

the ALJ found Plaintiff's PTSD to be a severe impairment, his review of the Veterans Affairs records amounted to improper picking and choosing of the records from the VA to minimize the effect of Plaintiff's PTSD. *See, e.g., Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."); *see also Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'").

With respect to Plaintiff's argument that the ALJ failed to adhere to the treating-physician rule, as the Commissioner points out, the questionnaire was "not for treatment purposes" but for "[VA] disability evaluation" purposes. Doc. 20, at 6 n.3 (quoting AR 2273); *see* Doc. 15, at 7. And Dr. Zingman reviewed Plaintiff's VA e-folder, which included her medical records, including those from Dr. Christina Whelan "documenting PTSD and medication management." AR 2275. Because the Court reverses and remands, it need not determine the status of the treating relationship, if any.

## III. Conclusion.

Because the ALJ failed to apply the correct legal standards, substantial evidence does not support the Commissioner's decision. The Court reverses the Commissioner's decision and remands the case to the ALJ for further analysis. If that analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

**ENTERED** this 21st day of April, 2020.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE